## AUTOMOBILE CLUB INTER-INSURANCE EXCHANGE *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

90-10                                        787 S.W.2d 237

Supreme Court of Arkansas
Opinion delivered April 16, 1990

*Kemp, Duckett, Hopkins & Spradley*, by: *Randolph B. Hopkins* and *Denise M. Martindill*, for appellant.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Alfred F. Angulo*, for appellee.

OTIS H. TURNER, Justice. This case involves an interpretation of the Arkansas Uninsured Motorist Statutes, Ark. Code Ann. §§ 23-89-401 through 23-89-405 (1987), and the Arkansas Motor Safety Responsibility Act, Ark. Code Ann. §§ 27-19-101 through 27-19-721 (1987 & Supp. 1989).

On June 6, 1987, Mr. and Mrs. John King, residents of the state of Arkansas, were occupants of an automobile owned by Mr. and Mrs. Dennis Downey, residents of the state of Oklahoma. The vehicle, which was licensed and insured in Oklahoma, was

involved in a collision in Arkansas with an uninsured motor vehicle. The Kings were insured under the Downeys' policy with uninsured motorist coverage by the appellee, State Farm Mutual Automobile Insurance Company (State Farm). The Kings also had a personal policy of automobile insurance including uninsured motorist coverage issued by the appellant, Automobile Club Inter-Insurance Exchange (Auto Club). The State Farm policy was written in Oklahoma on application by Oklahoma residents and contained uninsured motorist limits of coverage in the amount of $10,000 for each person and $20,000 for each accident. These coverage limits conformed to Oklahoma law. The Auto Club policy was written in Arkansas and contained uninsured motorist limits with coverage in the amount of $25,000 for each person and $50,000 for each accident, thus conforming to the Arkansas Uninsured Motorist law.

There is no dispute that the State Farm policy provides primary uninsured motorist coverage and that the Auto Club policy provides excess coverage. However, Auto Club contends that, under the Arkansas statutes and the State Farm policy provisions, the State Farm coverage is increased to limits of $25,0$^{00}$/$_{50}$,000. In a declaratory judgment action the trial court held that the State Farm policy provided coverage of $10,0$^{00}$/$_{20}$,000. We agree.

The trial court found that: the State Farm policy was written in Oklahoma and conformed to Oklahoma law; the Auto Club policy with $25,0$^{00}$/$_{50}$,000 limits issued to the Kings conforms to Arkansas law; the State Farm policy with $10,0$^{00}$/$_{20}$,000 coverage complies with Oklahoma law; the State Farm policy provides primary coverage and the Auto Club policy provides excess coverage; there exists no ambiguity in the State Farm policy provisions; and the uninsured motorist coverage of the appellee's policy has limits of $10,0$^{00}$/$_{20}$,000.

For reversal, the appellant asserts that the Arkansas minimum statutory limits for uninsured motorist coverage apply and that the language of the "All-States" provision of the State Farm policy requires application here of the higher Arkansas minimum limits. Further, Auto Club contends, even if the "All-States" provision does not apply, the State Farm policy language is ambiguous and should be construed to provide the minimum

Arkansas coverage stated in the statute.

■ The appellant attempts to apply the Arkansas Motor Vehicle Safety Responsibility Act, Ark. Code Ann. §§ 27-19-601 through 27-19-621 (1987) to this situation in order to find a mandatory requirement that the limits of coverage be $25,000 for one person and $50,000 for each accident. That act, however, has no application here. Instead, the Arkansas Uninsured Motorist Statute, Ark. Code Ann. §§ 23-89-401 through 23-89-405 (1987) applies, and by the terms of that act coverage is elective rather than mandatory.

In examining the provisions of the State Farm policy in order to determine the contractual coverage afforded, we note that there are two policy sections affording separate and distinct coverages, which the appellant mistakenly reads together for cross-application. The involved provisions are clear and unambiguous.

The State Farm policy provides, in part:

## SECTION 1—LIABILITY—COVERAGE A

We will:

> 1. Pay damages which an insured becomes legally liable to pay because of:

> a. bodily injury to others, . . .

> ***

> Motor Vehicle Compulsory Insurance Law or Financial Responsibility Law

> 1. Out-of-State-Coverage.

> If an insured under the liability coverage is in another state or Canada and, as a non-resident, becomes subject to its motor vehicle compulsory insurance, financial responsibility or similar law:

> a. the policy will be interpreted to give the coverage

required by the law.

This policy provision is found in only the "Liability-Coverage A" section of the policy and by its very term applies only to those instances where the insured becomes legally liable to *pay* because of bodily injuries to another. Here, the insured is not the party legally obligated to pay — a third party uninsured motorist is the one legally obligated to pay, and this section of the policy simply does not apply.

Under Policy Section III — Uninsured Motorist Vehicle-Coverage U, the insurance contract provides:

> We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle.

Under Section III there is no "All-States" provision such as that contained in Section I. Clearly, Section I and Section III provide different coverage, and each section stands alone. Policy Section I provides for damages an insured becomes legally liable to *pay*, while Section III provides for payment for damages for bodily injuries an insured is legally entitled to *collect* from an uninsured motorist.

We hold that the trial court was correct in interpreting the Arkansas statutes and the provisions of the State Farm policy.

Affirmed.

GLAZE, J., not participating.