793 P.2d 1107

**GOVERNMENT EMPLOYEES INSUR-
ANCE COMPANY, A Maryland
Corporation, Petitioner,**

v.

**The Honorable Norman S. FENTON, a
Judge for the Superior Court of the
State of Arizona, County of Pima, Re-
spondent,**

and

**Andrea Nekuza DIEHL, individually, An-
drea Nekuza Diehl and Jeffrey Alan
Diehl, wife and husband, Real Parties
in Interest.**

No. 2 CA–SA 89–0149.

Court of Appeals of Arizona,
Division 2, Department B.

Dec. 21, 1989.

Review Granted as to Issues A, B and
C July 10, 1990.

Jones, Edwards, Smith & Kofron, P.C. by
William W. Edwards, Tucson, for petition-
er.

Rabinovitz & Associates, P.C. by Michael
A. Mosesso, Tucson, for real parties in
interest.

LACAGNINA, Judge.

This special action was taken from the order of the trial court denying petitioner's motion for summary judgment. The determinative facts are not in dispute, and the issue presented is one of law rather than fact. We therefore accept jurisdiction. *Shea v. Superior Court of Maricopa County,* 150 Ariz. 271, 723 P.2d 89 (1986).

The relevant and undisputed facts are as follows. In February of 1987, petitioner Government Employees Insurance Company (GEICO), a Maryland corporation authorized to transact business in Texas and Arizona, issued an automobile insurance policy to real party in interest Andrea Nekuza Diehl (Diehl). At that time Diehl resided in Houston, Texas and applied for the policy in Texas on a GEICO form labeled "Texas Rating Statement." The vehicle to be insured was a 1984 Mazda truck owned by Diehl and registered in Texas. The application provided that the vehicle would be used to drive Diehl to and from her place of employment in Houston. The policy subsequently issued by GEICO was delivered to Diehl in Texas.

On August 24, 1987, Diehl and her husband were involved in an automobile accident in Tucson while occupying another vehicle. Diehl was seriously injured. Diehl owned the vehicle in which she was riding when the accident occurred. The vehicle was purchased and registered in Texas, but was not insured under the GEICO policy or any other insurance policy.

The truck insured under the GEICO policy remained in Texas at the time of the accident. Diehl subsequently settled her claim against the driver of the other vehicle involved in the collision, and by letter dated May 6, 1988, demanded the $20,000 limits of the underinsured motorist provision of the GEICO policy. The claim was denied.

On February 14, 1989, GEICO filed a complaint against Diehl and her husband in Pima County Superior Court seeking a judgment declaring that coverage was excluded under the policy and that Diehl had "already received benefits in excess of those provided for under the [p]olicy" and was not, therefore, entitled to additional benefits under the policy. Diehl answered and counterclaimed for bad faith and breach of contract. Both parties filed motions for summary judgment, which the trial court denied on the ground that there were unresolved material issues of fact. The only disputed issue of fact relevant to GEICO's motion, however, appears to be Diehl's residence at the time of the accident. GEICO claimed that Diehl was a resident of Texas; Diehl claimed that she and her husband had moved to Arizona the day before the accident and were residents here when she was injured. This special action followed.

■ GEICO denied coverage of Diehl's claim on two grounds. The first involves the application of Article 5.06–1 of the Texas Insurance Code which governs the form of automobile insurance policies issued in Texas. Subsection (5) of that statute provides:

> (5) The underinsured motorist coverage shall provide for payment to the insured of all sums which he shall be legally entitled to recover as damages from owners or operators of underinsured motor vehicles because of bodily injury or property damage in an amount up to the limit specified in the policy, *reduced by the amount recovered or recoverable from the insurer of the underinsured motor vehicle.*

(Emphasis added.) Because Diehl recovered more than her underinsured policy limits from the driver of the other vehicle,

GEICO concluded that nothing more was due her under the GEICO policy. Under Arizona law, such an offset is not permitted. *See* A.R.S. § 20–259.01; *Higgins v. Fireman's Fund Ins. Co.*, 160 Ariz. 20, 770 P.2d 324 (1989); *Spain v. Valley Forge Ins. Co.*, 152 Ariz. 189, 731 P.2d 84 (1986).

GEICO's second ground for denying coverage is the following exclusion contained in Part C of the GEICO insurance policy, pertaining generally to uninsured and underinsured motorist coverage:

> A. We do not provide Uninsured/Underinsured Motorists Coverage for any person:
>
> 1. For bodily injury sustained while **occupying,** or when struck by, any motor vehicle or **trailer** of any type owned by you or any **family member** which is not insured for this coverage under this policy.

(Emphasis in original.) Although this exclusion for "other vehicles" has been upheld in Texas, *see Beaupre v. Standard Fire Ins. Co.*, 736 S.W.2d 237 (Tex.App. 1987), our supreme court has held the same provision to be void. *Higgins v. Fireman's Fund Ins. Co., supra.*

Diehl argues that, because she was a resident of Arizona at the time of her accident, Arizona law should apply to permit her to recover under the underinsured motorist provision of the GEICO policy. Even assuming, however, that she was an Arizona resident on the date of the accident, we conclude that she is not entitled to the coverage claimed.

■ Diehl relies on A.R.S. § 20–259.01, which sets forth the obligations of insurers with respect to motor vehicle liability policies generally and underinsurance coverage specifically. By its terms, this statute applies only to policies "delivered or issued for delivery in this state, with respect to any motor vehicle registered or principally garaged in this · state...." A.R.S. § 20–259.01(A). It is undisputed that the GEICO policy was issued for delivery and delivered in Texas with respect to Diehl's Mazda truck, which was registered in Texas and principally garaged in Texas. Thus,

§ 20–259.01 has no application to the GEICO policy.

 We also reject Diehl's contention that Arizona law regarding underinsured motorist coverage is made applicable to this policy by virtue of the "Out of State Coverage" provision of the GEICO policy. This provision, which is found in Part A of the policy pertaining to liability coverage, provides:

> If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:
>
> If the state or province has:
>
> 1. A financial responsibility or similar law specifying limits of liability for bodily injury or property damage higher than the limit shown in the Declarations, you[r] policy will provide the higher specified limit.
>
> 2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.
>
> No one will be entitled to duplicate payments for the same elements of loss.

First, this provision by its terms pertains only to liability coverage and not to uninsured or underinsured motorist coverage. Second, Arizona imposes mandatory insurance requirements on nonresidents only with respect to liability coverage. *See* A.R.S. §§ 28–1251, 28–1170. The quoted provision cannot reasonably be construed to incorporate Arizona law regarding underinsured motorist coverage into this policy.

Diehl has engaged in an extended analysis of choice of law principles leading to the conclusion that Arizona law should apply to this case. We agree with GEICO that no conflict exists. As we have held, Arizona's underinsured motorist statute has no applicability to a policy issued in Texas to a then-Texas resident covering a vehicle registered and principally garaged in Texas.

Under the terms of the GEICO policy and applicable Texas law, Diehl was not entitled to underinsured motorist coverage. Moreover, Diehl cannot bootstrap the application of Arizona law on underinsured motorist coverage through the assertion of a bad faith or breach of contract claim.

There being no genuine issue of material fact to resolve, we hold that the trial court abused its discretion in denying GEICO's motion for summary judgment. We therefore grant relief and remand with directions to enter judgment in favor of GEICO.

FERNANDEZ, C.J., and LIVERMORE, P.J., concur.