AID INSURANCE COMPANY
(MUTUAL), Respondent,

v.

CONTINENTAL WESTERN
INSURANCE COMPANY,
Petitioner, Appellant.

No. C7–84–859.

Supreme Court of Minnesota.

Sept. 27, 1985.

Robert E. Salmon, Thomas L. Adams, Minneapolis, for appellant.

Mark N. Stageberg, Kay Nord Hunt, Minneapolis, for respondent.

KELLEY, Justice.

The issue in this case is whether the Minnesota No-Fault Reparations Act obligates an insurer licensed to do business in this state to provide basic economic loss benefits to its insured injured in a Minnesota accident, even though its insured is a nonresident and has no vehicles in Minnesota at the time of the accident, at priority level 4(a) of Minn.Stat. § 65B.47 (1984). The trial court in granting summary judgment held that it was. The Court of Appeals affirmed.[1] We reverse.

The parties conceded there existed no genuine issues of material fact and submitted the issue to the court on stipulated facts.

Shirley Davis, a resident of Iowa, traveled by airplane to Minnesota. Her automobiles, licensed and garaged in Iowa, were insured by an automobile liability policy issued in Iowa by Continental Western Insurance Company (Continental). Iowa does not have a no-fault reparations system, and Davis did not pay Continental a premium for no-fault benefits. None of Davis's motor vehicles were registered, licensed or garaged in Minnesota, and none were physically present in Minnesota at the time she was injured in the Minnesota accident. The accident vehicle was insured by AID Insurance Company (Mutual) (hereinafter AID) in conformity with the Minnesota No-Fault Insurance Act. AID honored Davis's claim for no-fault benefits, and paid her medical expenses and economic loss benefits at priority level 4(b) of

---

**1.** *AID Ins. Co. v. Continental Western Ins. Co.,*   357 N.W.2d 403 (Minn.App.1984).

Minn.Stat. § 65B.47 (1984). In this action to recover those payments, AID claims that Davis was an "insured" at priority level 4(a) of Minn.Stat. § 65B.47, so that Continental had priority for the payment of no-fault benefits to her, and accordingly AID seeks reimbursement of payments it has made to her.

In *Western National Mutual Ins. Co. v. State Farm Ins. Co.*, 374 N.W.2d 441 (Minn.1985), released herewith, we held that physical presence of a nonresident's insured automobile in the State of Minnesota is the triggering event that results in imposition of liability on the out-of-state insurer for no-fault benefits at priority level 4(a) of Minn.Stat. § 65B.47 (1984). For the reasons therein stated, we reverse.

COYNE, J., took no part in the consideration or decision of this case.

YETKA, Justice (dissenting).

I dissent in this case for all of the reasons stated in my dissent in the case of *Western National Mutual Insurance Company v. State Farm Insurance Company*, 374 N.W.2d 441 (Minn.1985).

SCOTT, Justice (dissenting).

I join in the dissent of Justice Yetka.