**Gene M. JOHNSON, Respondent (CX–91–910),**

**William M. Peterson, Respondent (C1–91–911),**

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION, petitioner, Appellant.**

Nos. CX–91–910, C1–91–911.

Supreme Court of Minnesota.

Dec. 31, 1992.

Rehearing Denied March 3, 1993.

Lois J. Lang, Powell, Lang & Schueppert, Bemidji, for appellant.

Sheldon D. McRae, Jr., McRae and McRae, P.A., Bemidji, for respondents.

COYNE, Justice.

Our review of the opinion of the court of appeals in this case reveals the hazard inherent in deciding an appeal on the basis of an issue never raised, briefed, or argued by any party. We affirm as hereinafter modified.

Plaintiff Gene Johnson, an Illinois resident, and his passenger, William Peterson, an Iowa resident, were injured in an automobile accident which occurred in Beltrami County, Minnesota. Johnson was the named insured in a policy of automobile liability insurance issued in Illinois by United Services Automobile Association. Johnson's policy insured three automobiles, one of which was involved in the Minnesota accident.

Johnson and Peterson each recovered the $30,000 per person liability limits of the American Family insurance policy insuring the driver of the other automobile involved in the Beltrami County accident. Johnson and Peterson then each commenced suit to compel arbitration of his claim pursuant to the underinsured motorist coverage of the United Services policy in Beltrami County.

On the basis of a policy provision requiring arbitration of disputed underinsured motorist coverage claims in the county of the insured's residence, United Services denied that it was obliged to arbitrate either Johnson's or Peterson's claim in Beltrami County because neither man was a Minnesota resident. In addition, the Johnson case provided a vehicle for a counterclaim in which United Services sought recovery of $18,500 for basic economic loss benefits which it claims it mistakenly overpaid Johnson. The trial court ruled that neither Johnson nor Peterson could compel arbitration of his underinsured motorist coverage claim in Beltrami County because neither was a Minnesota resident. He granted summary judgment in favor of United Services on its counterclaim. The court of appeals affirmed the trial court's declination to compel arbitration in Minnesota, but deciding *sua sponte* that under a choice-of-law principle Illinois law should govern United Services' counterclaim, the court of appeals ruled that Johnson was entitled under Illinois law to stack basic economic loss insurance coverages and that, therefore, United Services was entitled to no recovery. Although we reject the determination that Johnson was entitled to stack basic economic loss insurance coverages, we affirm the declination to compel arbitration in Minnesota and we affirm the judgment dismissing the counterclaim of United Services for recovery of an overpayment of basic economic loss benefits.

In the first place, the limit of the basic economic loss coverage available pursuant to Johnson's policy does not turn on a choice-of-law question because Illinois does not have a no-fault automobile liability system, and basic economic loss benefits of the kind which United Services paid Johnson have no counterpart in Illinois law. Certainly a choice-of-law question may arise in an Illinois arbitration of underinsured motorist coverage claims, and it would not be surprising if an Illinois arbitrator, arbitrating a claim for underinsured motorist coverage pursuant to an Illinois contract of insurance, should elect to apply Illinois law. But basic economic loss benefits are not part of United Services' Illinois contract of insurance with Johnson. Unit-

ed Services paid economic loss benefits only because compliance with the requirements of Minn.Stat. § 65B.50, subd. 2 (1990)[1], is a condition of the insurer's right to do business in Minnesota. Section 65B.50, subd. 2, provides that basic economic loss benefit coverage is provided by every contract of liability insurance, whether issued in Minnesota or elsewhere, while the insured vehicle is in Minnesota. Because coverage for economic loss benefits is simply imputed into the Illinois contract pursuant to Minnesota statutory law and because that coverage has no counterpart in Illinois, the choice of Illinois law in this case is highly questionable.

■ More to the point, however, than the suitability of the choice-of-law, is the fact that under Minnesota law basic economic loss benefits coverage is imputed into a non-Minnesota policy only while the insured vehicle is in Minnesota. Nothing in the record here suggests that at the time of this accident or, for that matter, any other time, the other two vehicles insured under Johnson's policy were in Minnesota. Accordingly, whether one applies Minnesota law or Illinois law, one is brought to the same conclusion—there is nothing to stack. The only coverage that is imputed is the coverage with respect to the particular vehicle involved in the Minnesota accident. Therefore, although it is indeed within the power of an appellate court to decide a case on an issue other than that raised by the parties if that issue disposes of the entire case, the court of appeals' error lies in its unfounded conclusion that Illinois law would permit Johnson to claim coverage with respect to all three automobiles. As we pointed out earlier, basic economic loss coverage is imputed with respect to not to three automobiles but to one automobile only. There is a single coverage and there is nothing to stack. This is not a case in which premiums have been paid for economic loss coverage with respect to three automobiles. Johnson never paid a penny for economic loss benefits because that particular type of benefit was not available to him under Illinois law. That United Services' counterclaim for alleged overpayment of economic loss benefits cannot be resolved by reference to Illinois law does not, however, mean that United Services is entitled to recover for its alleged overpayment. Minn.Stat. § 65B.54, subd. 4 (1990), provides a limited right to recover overpayment of basic economic loss benefits:

> A reparation obligor may bring an action to recover benefits which are not payable, but are in fact paid, because of an intentional misrepresentation of a material fact, upon which the reparation obligor relies, by the claimant or by a person providing products or services for which basic economic loss benefits are payable. The action may be brought only against the person providing the products or services, unless the claimant has intentionally misrepresented the facts or knew of the misrepresentation. A reparation obligor may offset amounts the reparation obligor is entitled to recover from the claimant under this subdivision against any basic economic loss benefits otherwise due the claimant.

■ United Services does not contend that Johnson misrepresented any fact, intentionally or otherwise, but contends only that United Services made a mistake in calculating the amount of the basic economic loss benefits it should pay Johnson. The section 65B.54, subd. 4, limitation on an insurer's right to recover basic economic loss payments incorrectly paid is very straightforward and precludes United Services' claim against Johnson.

Affirmed as modified.

---

1. Minn.Stat. § 65B.50, subd. 2 (1990) reads as follows:

   Notwithstanding any contrary provision in it, every contract of liability insurance for injury, wherever issued, covering obligations arising from ownership, maintenance, or use of a motor vehicle, except a contract which provides coverage only for liability in excess of required minimum tort liability coverages, includes basic economic loss benefit coverages and residual liability coverages required by sections 65B.41 to 65B.71, *while the vehicle is in this state,* and qualifies as security covering the vehicle.

   (Emphasis supplied).