Johnny **AGUILAR**, Respondent,

v.

**TEXAS FARMERS INSURANCE COMPANY, a Texas Corporation, Appellant.**

**No. C2–93–484.**

Court of Appeals of Minnesota.

Aug. 24, 1993.

Michael O'Neel, Fargo, ND, for respondent.

William P. Harrie, Nilles, Hansen & Davies, Ltd., Fargo, ND, for appellant.

Considered and decided by PETERSON, P.J., and NORTON and SCHUMACHER, JJ.

## OPINION

PETERSON, Judge.

Respondent Johnny Aguilar commenced this action against appellant Texas Farmers Insurance Company (Texas Farmers) asserting that a choice of law analysis was necessary, that Minnesota law applied, and that, under Minnesota law, underinsured motorist (UIM) benefits were to be provided on an "add on" basis. Texas Farmers moved for summary judgment. Texas Farmers agreed that Minnesota law applied, but asserted that, under Minnesota law, the insurance policy was to be construed according to its terms, including provision of UIM benefits on a "difference of limits" basis. The trial court treated the issue as a choice of law question, determined Minnesota law applied, and awarded Aguilar "add on" UIM benefits. Texas Farmers appealed. We reverse.

## FACTS

The facts are undisputed. Johnny Aguilar is a resident of Crystal City, Texas, where he lives with his mother, Olga Aguilar. Texas Farmers is a Texas corporation. It is not licensed to do business in Minnesota and does not do business in Minnesota. Olga Aguilar is the named insured on an automobile policy issued by Texas Farmers. Johnny Aguilar, as a resident relative of the named insured, is entitled to coverage under the Texas Farmers policy.

The Texas Farmers policy provided $25,000 of UIM benefits. The policy also provided that with respect to UIM benefits,

> the limit of [UIM] liability shall be reduced by the amount recovered or recoverable from, or on behalf of, the owner or operator of an [underinsured] motor vehicle.

On July 21, 1990, Johnny Aguilar was injured in an automobile accident in Moorhead, Minnesota. At the time, Aguilar and three others were passengers in a vehicle insured by Farm Bureau Mutual Insurance Company. The Farm Bureau policy provided liability limits of $30,000 per person and $60,000 per accident. The $60,000 limit of liability was divided among Aguilar and two other passengers in the Lopez vehicle. Each of the three received $20,000.

Aguilar sought UIM benefits from Texas Farmers. Texas Farmers contends that, under the terms of the policy, any UIM recovery Aguilar makes must be reduced by the $20,000 payment he received from the Farm Bureau policy. Aguilar, on the other hand, contends that, under Minnesota law, the UIM coverage provided by the Texas Farmers policy is "add on" coverage, and he is entitled to the full $25,000 of UIM benefits under that policy.

Aguilar brought this declaratory judgment action seeking a determination whether the UIM coverage of the Texas Farmers policy is provided on an "add on" or a "difference of limits" basis. Texas Farmers moved for summary judgment, asserting that Minnesota law does not require an out-of-state insurer not licensed to do business in Minnesota to rewrite its policy to

provide "add on" coverage. In response, Aguilar argued that a choice of law analysis was required, that Minnesota law applied, and that under Minnesota law the UIM coverage provided was "add on." The trial court applied a choice of law analysis and determined that Minnesota law applies and Aguilar was entitled to "add on" UIM benefits. Texas Farmers appeals.

## ISSUE

Did the trial court err in determining Aguilar is entitled to "add on" UIM benefits?

## ANALYSIS

### 1. *Standard of Review*

■ Summary judgment is appropriate when there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. Minn. R.Civ.P. 56.03. In the present case, there is no dispute as to any of the relevant facts. At issue is interpretation of the Minnesota No–Fault Act, a question of law, which this court reviews de novo. *Hibbing Education Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn. 1985).

### 2. *UIM Benefits*

■ The Minnesota No–Fault Act requires that any automobile insurance policy issued in this state must include UIM benefits. Minn.Stat. § 65B.49, subd. 3a(1)(1990). The legislature has also provided for the situation in which a motor vehicle involved in an accident in Minnesota is insured under a policy written in another state:

> Subd. 1. *Every insurer licensed to write motor vehicle accident reparation and liability insurance in this state shall,* on or before January 1, 1975, or as a condition to such licensing, file with the commissioner and thereafter *maintain a written certification that it will afford at least the minimum security provided by section 65B.49 to all policyholders*, except that in the case of nonresident policyholders it need only certify

that security is provided with respect to accidents occurring in this state.

> Subd. 2. Notwithstanding any contrary provision in it, *every contract of liability insurance for injury, wherever issued,* covering obligations arising from ownership, maintenance, or use of a motor vehicle, except a contract which provides coverage only for liability in excess of required minimum tort liability coverages, *includes basic economic loss benefit coverages and residual liability coverages* required by sections 65B.41 to 65B.71, *while the vehicle is in this state,* and qualifies as security covering the vehicle.

Minn.Stat. § 65B.50 (1990) (emphasis added). Section 65B.50 mandates different types of coverage depending on whether the insurer is licensed to do business in Minnesota. Subdivision 1 refers to insurers licensed to do business in Minnesota, while subdivision 2 covers all insurers whose insureds are involved in accidents in Minnesota. According to one commentator, the purpose of section 65B.50 is to mandate certain coverages for every plan of liability insurance, regardless of where the policy is written. 2 Michael K. Steenson, *Minnesota No–Fault Automobile Insurance* 310 (2d ed. 1992); *but see Burgie v. League Gen. Ins. Co.*, 355 N.W.2d 466, 468, 470 (Minn.App.1984) (insurance policy issued to out-of-state insured by insurer not licensed to do business in Minnesota not "written up" to provide minimum liability coverage required by Minnesota law for accident in Minnesota), *pet. for rev. denied* (Minn. Feb. 19, 1985).

Minn.Stat. § 65B.50, subd. 2 requires only basic economic loss coverage and residual liability coverage in a policy written by an insurer that is not licensed to do business in Minnesota. Section 65B.50, subd. 2 does not require that an insurance policy written in another state be "written up" to provide the minimum uninsured motorist coverage required by Minnesota law. *Hedin v. State Farm Mut. Auto. Ins. Co.*, 351 N.W.2d 407, 409 (Minn.App.1984).

In *Hedin*, Lee and Sandra Hedin, residents of Indiana, were injured in a Minne-

**794**

sota accident while Lee Hedin was driving a motor vehicle owned by Arthur Hedin, a Minnesota resident. Arthur Hedin's vehicle was registered and insured in Minnesota. *Id.* at 408. Lee and Sandra Hedin each had an insurance policy on separate vehicles garaged and insured in Indiana. *Id.* Both policies provided uninsured motorist benefits in amounts equal to the Indiana statutory minimum, $15,000 per person and $30,000 per accident. *Id.* Lee and Sandra Hedin claimed that they were entitled to the Minnesota statutory minimum uninsured motorist coverage of $25,000 per person and $50,000 per accident. *Id.* This court disagreed, noting that Minn.Stat. § 65B.48, subd. 1 (1980) required nonresident owners of motor vehicles to carry only basic economic loss and residual liability coverages while their vehicles were in Minnesota. *Id.* at 409.

Aguilar contends the present case is controlled by *Gimmestad v. Gimmestad*, 451 N.W.2d 662 (Minn.App.1990). We disagree. The claimant in *Gimmestad* was a Texas resident and the case turned on a choice of law issue. *Id.* at 663–64. Texas Farmers does not assert that Texas law should apply in the present case. It claims that, under Minnesota law, an out-of-state insurer issuing a policy to an out-of-state insured is not required to provide "add on" UIM coverage.

■ We agree that no choice of law issue is present. The extent of liability of an insurer on a policy issued to an insured who is not a resident of Minnesota depends upon construction of the Minnesota No-Fault Act. *Johnson v. United Servs. Auto. Ass'n.*, 493 N.W.2d 570, 571–72 (Minn.1992); *Western Nat'l Mut. Ins. Co. v. State Farm Ins. Co.*, 374 N.W.2d 441, 443, n. 4 (Minn.1985). The Minnesota No-Fault Act only requires basic economic loss benefits and residual liability coverage for nonresidents' policies. *Hedin*, 351 N.W.2d at 409.

■ We hold the *Hedin* analysis of uninsured motorist benefits applies as well to underinsured motorist benefits. Minn.Stat. § 65B.50, subd. 2 does not require out-of-state policies to contain UIM benefits. *See*

*id.* (Minn.Stat. § 65B.50, subd. 2 requires nonresident automobile owners to carry only basic economic loss and residual liability coverages). The Texas Farmers policy contained all of the statutorily-mandated coverages. Anything in addition to the statutorily-mandated coverages, such as UIM coverage, is a matter of contract between the parties. In this case, the contract calls for "difference in limits" UIM coverage.

### DECISION

When an insurance policy is issued to an out-of-state insured by an insurer not licensed to do business in Minnesota, Minnesota law does not require "add on" UIM coverage.

**Reversed.**