Todd C. **WARTHAN**, et al., **Appellants**,

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,** Respondent.

No. C7–98–1889.

Court of Appeals of Minnesota.

May 4, 1999.

Brent P. Smith, Johns & Flaherty, S.C., La Crosse, WI (for respondent).

Considered and decided by SHORT, Presiding Judge, KALITOWSKI, Judge, and KLAPHAKE, Judge.

## OPINION

KALITOWSKI, Judge

Appellants Todd C. and Gina Warthan contend the district court erred in concluding Minnesota law does not require respondent American Family Mutual Insurance Company (American Family) to pay underinsured motorist (UIM) benefits under appellants' insurance contract with respondent.

## FACTS

This case arises out of an accident that occurred on December 28, 1995, on a Minnesota highway. Appellants, who are Wisconsin residents, collided with a vehicle operated by a third party. All parties agree the third party's negligence was the sole cause of the accident. The third party's insurer, Auto–Owners Insurance Company, paid its $100,000 liability policy limit to appellants.

At the time of the accident, appellants were insured under a policy issued in Wisconsin by American Family, a company also licensed to sell insurance in Minnesota. This policy, which provided for $100,000 in UIM benefits, defines an underinsured motor vehicle as

> a motor vehicle which is insured by a liability bond or policy at the time of the accident which provides bodily injury liability limits less than the limits of liability of this underinsured motorist coverage.

The policy also provides:

> The limits of liability of this coverage will be reduced by:
> 1. a payment made or amount payable by or on behalf of any person or organization which may be legally liable or under any collectible auto liability insurance for loss caused by an accident with an underinsured motor vehicle.

American Family determined that under the terms of the policy, appellants are entitled to

Susanne M. Glasser, Bye, Goff & Rohde, Ltd., River Falls, WI (for appellants).

only $100,000 in total compensation. Thus, because Auto–Owners paid appellants $100,000, American Family refused to pay on its policy.

Appellants brought this action seeking to obtain coverage under the American Family policy. All parties agree that Minnesota law applies. The district court granted summary judgment for American Family, concluding Minnesota law does not require the court to reform the Wisconsin insurance contract between appellants and respondent.

## ISSUE

When a nonresident is injured in a Minnesota traffic accident, does Minnesota law require that the nonresident's underinsured motorist coverage be reformed to comply with Minnesota law?

## ANALYSIS

■ Summary judgment is appropriate when there are no genuine issues of material fact and one party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. Here, there are no material facts in dispute. Instead, appellants contend the district court misinterpreted the Minnesota No–Fault Act. Interpretation of a statute presents a question of law subject to de novo review. *Hibbing Education Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn. 1985).

■ Under Minnesota law, an insurer's maximum liability under a UIM policy is the amount of damages sustained by the insured but not recovered from the insurance policy of any driver of any at fault vehicle. Minn. Stat. § 65B.49, subd. 4a (1998). Appellants contend that because Minnesota law applies here and American Family is licensed to do business in Minnesota, appellants' American Family policy should be reformed to meet Minnesota's UIM requirements. We disagree.

Three Minnesota cases, *Hoeschen v. South Carolina Ins. Co.*, 349 N.W.2d 833 (Minn. App.1984), *aff'd on other grounds*, 378 N.W.2d 796 (Minn.1985), *Hedin v. State Farm Mut. Auto. Ins. Co.*, 351 N.W.2d 407 (Minn.App.1984), and *Aguilar v. Texas*

*Farmers Ins. Co.*, 504 N.W.2d 791 (Minn. App.1993), are relevant to our analysis. In *Hoeschen*, a Minnesota resident, Paul Hoeschen, owned an automobile located in North Carolina that was insured by an insurance policy purchased in North Carolina. Hoeschen was injured in an accident in Minnesota while a passenger in an automobile owned and operated by Kenneth High. Hoeschen collected the liability limit of $25,000 from High's insurance, but his North Carolina insurance company refused to pay on Hoeschen's UIM policy because, like the policy here, Hoeschen's policy paid only amounts up to the policy's $25,000 limit. Employing a choice of law analysis, this court concluded that application of Minnesota law did not violate due process, and application of Minnesota law was required by Minnesota's choice of law factors. *Hoeschen*, 349 N.W.2d at 837. Thus, the *Hoeschen* court concluded that under Minnesota law the North Carolina insurance company was required to pay up to the $25,000 limits of UIM coverage even though Hoeschen had received $25,000 from High's insurance. *Id.* at 838.

In *Hedin*, 351 N.W.2d 407, this court held that an insurance company licensed to do business in Minnesota was not required to pay its nonresident insured more than the policy limits on its uninsured motorist coverage even though those limits were less than required by Minnesota law. The *Hedin* court reasoned that because there was no requirement that nonresidents have uninsured motorist benefits, it would be incongruous to require nonresident insurers who issued such policies to conform to Minnesota law. *Id.* at 409. In reaching this conclusion, the *Hedin* court relied on Minn.Stat. § 65B.50 (1998), which states:

> Subdivision 1. Every insurer licensed to write motor vehicle accident reparation and liability insurance in this state shall * * * maintain a written certification that it will afford at least the minimum security provided by section 65B.49 to all policyholders, except that *in the case of nonresident policyholders it need only certify that security is provided with respect to accidents occurring in this state.*

Subd. 2. Notwithstanding any contrary provision in it, *every contract of liability insurance for injury,* wherever issued, covering obligations arising from ownership, maintenance, or use of a motor vehicle, * * * includes basic economic loss benefit coverages and residual liability coverages required by sections 65B.41 to 65B.71, while the vehicle is in this state, and *qualifies as security covering the vehicle.*

(Emphases added). The security referenced in the exception for nonresidents in Minn. Stat. § 65B.50, subd. 1, is the same security referenced in subdivision 2. *Petty v. Allstate Ins. Co.,* 290 N.W.2d 763, 766 (Minn.1980). But according to subdivision 2, basic economic loss and residual liability coverage are the only security required for a policy to qualify as security. *Hedin,* 351 N.W.2d at 408–09. Because liability coverage does not include uninsured motorist coverage, the *Hedin* court concluded that, under subdivision 1, insurers of nonresidents are not required to furnish uninsured motorist coverage at all. *Id.* at 409.

More recently, this court addressed a similar issue in *Aguilar,* 504 N.W.2d 791. In *Aguilar,* a nonresident automobile passenger, Johnny Aguilar, was injured in a Minnesota automobile accident and received $20,000 in liability insurance benefits. Aguilar was also covered by a UIM policy in the amount of $25,000 issued by Texas Farmers, an insurance company not licensed to do business in Minnesota. The *Aguilar* court relied on the reasoning of *Hedin* to conclude Texas Farmers was liable for only $5,000 rather than the policy limit of $25,000. *Id.* at 794. The court further held that the *Hedin* analysis applies to underinsured as well as uninsured motorist coverage. *Id.*

■ Applying the analysis of *Hedin* and *Aguilar,* the rule in Minnesota is that uninsured and underinsured motorist coverage are not required for nonresidents, and therefore if nonresidents have such coverage it need not comply with Minnesota law. *Hoeschen* is consistent with this rule because the *Hoeschen* court determined that when a Minnesota resident is injured in an accident in Minnesota, the resident's UIM policy will be reformed to comply with Minnesota law.

■ Appellants argue that the UIM policy at issue must comply with Minnesota law because, as in *Hoeschen,* the insurer here is licensed to do business in Minnesota. We disagree. The *Hoeschen* court did not base its decision on this fact, and appellants provide no other authority for this assertion. Moreover, as noted above, the insurer in *Hedin* was licensed in Minnesota and the court nevertheless held that the uninsured motorist policy at issue need not be reformed. We conclude, based on the statute and caselaw, that the district court properly determined Minnesota law does not require reformation of the UIM coverage in appellants' American Family policy.

### DECISION

Because appellants are not residents of Minnesota and their insurance policy was not issued in Minnesota, Minnesota law does not require that appellants' underinsured motorist coverage be reformed to conform with Minnesota law notwithstanding the fact that the accident occurred in Minnesota and appellants' insurer was licensed to do business in Minnesota.

**Affirmed.**