STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPA-
NY, Respondent,

v.

GREAT WEST CASUALTY
COMPANY, Appellant.

No. C9–00–566.

Court of Appeals of Minnesota.

Aug. 15, 2000.

William M. Hart, Melissa Dosick Riethof, Meagher & Geer, PLLP, Minneapolis (for respondent).

Michael W. Lowden, Stempel & Associates, PLC, Hopkins (for appellant).

Considered and decided by RANDALL, Presiding Judge, HARTEN, Judge, and WILLIS, Judge.

## OPINION

HARTEN, Judge

The district court ordered the parties, both insurers, to arbitrate and confirmed the arbitrators' award to respondent. Because we see no error in the application of Minnesota law or in the award, we affirm.

## FACTS

Mark Anderson was injured in Nevada when a semi-truck driven by Larry Thieman rear-ended Anderson's flatbed truck. Anderson, a Minnesota resident, was returning to Minnesota where his flatbed was principally garaged; he was insured by respondent State Farm Mutual Automobile Insurance Co. (State Farm) under a policy issued in Minnesota. Pursuant to the Minnesota No–Fault Act, State Farm paid Anderson no-fault medical expenses and wage loss benefits.

Thieman was and is a Nebraska resident. He was driving a vehicle owned by Hollis Trucking Company, whose principal place of business is in Nebraska. Hollis Trucking was insured by appellant Great West Casualty (Great West) under a policy issued in Nebraska. Great West is licensed to write insurance in Minnesota and has filed the required Motor Carrier Certificate of Insurance with the Minnesota Commissioner of Insurance.

State Farm sought indemnification for its no-fault benefits from Great West and moved the district court to compel Great West to arbitrate. A panel of arbitrators awarded State Farm $30,111, and the district court confirmed the award. Great West challenges the order compelling arbitration and the award.

## ISSUE

Is State Farm entitled to indemnity from Great West under Minn. Stat. § 65B.53, subd. 1?

## ANALYSIS

**Standard of Review**

The parties stipulated to the relevant facts. The application of law to stipulated facts is a question of law, which this court reviews de novo. *Morton Bldgs., Inc. v. Commissioner of Revenue,* 488 N.W.2d 254, 257 (Minn.1992).

State Farm recovered from Great West under the following provision of the Minnesota No–Fault Act:

A reparation obligor paying or obligated to pay basic or optional economic loss benefits is entitled to indemnity * * * from a reparation obligor providing residual liability coverage on a commercial vehicle of more than 5,500 pounds curb weight if negligence in the operation, maintenance or use of the commercial vehicle was the direct and proximate cause of the injury for which the basic economic loss benefits were paid or payable * * *.

Minn.Stat. § 65B.53, subd. 1 (1998). Great West argues that Nevada law, not Minnesota law, applies, and, in any event, that State Farm is not entitled to indemnification under the Minnesota No–Fault Act.

**1. Choice of Law**

The first two criteria in a choiceof-law question are whether there is an actual conflict and whether the law of both states can be constitutionally applied. *See Jepson v. General Cas. Co.,* 513 N.W.2d 467, 469–70 (Minn.1994). The parties agree that the law of either Minnesota or

Nevada could be constitutionally applied here and that there is an actual conflict. State Farm is not entitled to indemnification under Nevada law and may be entitled to indemnification under Minnesota law.

■ We next consider the five factors influencing choice of law: (1) predictability of result; (2) maintenance of interstate order; (3) advancement of the forum's governmental interest, (4) application of the better rule of law, and (5) simplification of the judicial task. *Id.* at 470. Great West agrees that factors (4) and (5) are irrelevant here.

### (1) Predictability of Result

In *Jepson,* the insurance policy was issued and the insureds resided in Minnesota; the insureds listed their address, were incorporated, and registered most of the vehicles covered under the policy in North Dakota; the accident occurred in Arizona. *Id.* at 468–69.

> Although the accident occurred in Arizona, nothing was planned or done by either of the parties with regard to the insurance contract that was in any way directed to that state.

*Id.* at 471. Analogously, nothing done by any of the insureds here was directed to Nevada or with the expectation of Nevada law being applied. The predictability factor does not support the application of Nevada law over Minnesota law.

### (2) Maintenance of Interstate Order

This factor is "concerned with whether the application of [one state's] law would manifest disrespect for [the other state's] sovereignty or impede the interstate movement of people and goods." *Id.* Nevada does not have a no-fault act; therefore, Minnesota is not interfering with any Nevada law. Nor has Nevada any interest in whether the insurer of the victim, a Minnesota resident, can obtain indemnification from the insurer of the tortfeasor, a Nebraska corporation. Applying Minnesota law will manifest no disrespect for Nevada's sovereignty.

Appellant relies on *Maxwell v. Allstate Ins. Cos.,* 102 Nev. 502, 728 P.2d 812, 815 (1986) (denying an insurer the right to subrogation of medical benefits paid to an insured), to argue that Nevada has an interest in preventing one insurer from indemnifying another. That reliance is misplaced. The dispute in *Maxwell* was not between two insurers but between an insurer and its insured; the policy behind *Maxwell* is the protection of the insured victim. Here, the victim's interests are not at issue. The dispute is between two insurers.

This factor favors applying Minnesota law.

### (3) Advancement of Forum's Governmental Interest

Minnesota law provides that insurers paying economic loss benefits to insureds injured by the negligent operation of commercial vehicles may be indemnified by the insurers of the commercial vehicles. *See* Minn.Stat. § 65B.53, subd. 1. State Farm paid economic loss benefits to an insured injured by the negligent operation of a commercial vehicle insured by Great West. Applying Nevada law and denying State Farm indemnification would contravene Minnesota's interest. Applying Minnesota law would not impugn any interest of Nevada, because Nevada is without a no-fault act and has no interest in not requiring the insurers of negligent operators of commercial vehicles to indemnify the insurers of their victims.

Great West relies on *Maxwell* to argue that Nevada has a governmental interest in preventing windfalls to insurers. Again, that reliance is misplaced. *Maxwell* is concerned with preventing insurers from benefiting at the expense of their insureds; it has no application to requiring insurers of commercial vehicles to indemnify insurers of those injured by the negligent operation of those vehicles. *C.f. Maxwell,* 728 P.2d at 814.

This factor also favors applying Minnesota law. We conclude that because three of the five factors are neutral and the other two favor Minnesota law over Nevada law, Minnesota law applies.

## 2. Indemnification

Great West argues that Minn. Stat. § 65B.53, subd. 1, applies only to accidents that occur in Minnesota. Another provision of the no-fault act, Minn.Stat. § 65B.46, subd. 2 (1998), explicitly provides for recovery in the case of out-of-state accidents. "Every law shall be construed, if possible, to give effect to all its provisions." Minn.Stat. § 645.16 (1998). There is no basis to suppose that insurers of commercial vehicles negligently operated outside Minnesota are to be treated differently from insurers of commercial vehicles negligently operated inside Minnesota.

To support its argument that Minn.Stat. § 65B.53, subd. 1, applies only to Minnesota accidents, Great West cites Minn.Stat. § § 65B.42 (1) (one purpose of the no-fault act is "[t]o relieve the severe economic distress of uncompensated victims of automobile accidents within this state"), and 65B.50, subd. 1 (Minnesota-licensed insurers of nonresident policy holders must certify that security is provided "with respect to accidents occurring in this state"). But Minn.Stat. § 65B.53, subd. 1, includes no language restricting it to accidents in Minnesota and neither of the cited statutes precludes its application to an accident occurring outside Minnesota.

Great West also relies on five cases to support its argument: *Reed v. Continental W. Ins. Co.*, 374 N.W.2d 436 (Minn.1985); *AID Ins. Co. v. Continental W. Ins. Co.*, 374 N.W.2d 440 (Minn.1985); *Western Nat'l Mut. Ins. Co. v. State Farm Ins. Co.*, 374 N.W.2d 441 (Minn.1985); *Principal Fin. Group v. Allstate Ins. Co.*, 472 N.W.2d 338 (Minn.App.1991); and *Hedin v. State Farm Mut. Auto. Ins. Co.*, 351 N.W.2d 407 (Minn.App.1984). Because none of these cases mentions Minn.Stat.

§ 65B.53, subd. 1, or involves an out-of-state accident, they are irrelevant. We conclude that Minn.Stat. § 65B.53, subd. 1, applies to this Nevada accident.

## DECISION

Minnesota law applies and imposes on Great West, as the insurer of a negligently operated commercial vehicle, the obligation to indemnify State Farm. The district court did not err in confirming the arbitration award.

**Affirmed.**